IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 2, 2015

STATE OF TENNESSEE v. MICHAEL LINDSEY

Appeal from the Criminal Court for Shelby County
No. 88-03169     Carolyn W. Blackett, Judge

_____

No. W2014-02109-CCA-R3-CD  -  Filed October 13, 2015

_____

The Defendant, Michael Lindsey, filed a Motion to Correct an Illegal Sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  The trial court summarily dismissed the motion for failing to state a colorable claim.  Discerning no error, we affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT L. HOLLOWAY, JR. J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, and D. KELLY THOMAS, JR., JJ., joined.

Michael Lindsey, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the Appellee, State of Tennessee.

OPINION

Factual and Procedural Background

In 1985, the Defendant shot and killed the victim during the course of a drug transaction with the victim's uncle.  A jury convicted the Defendant of second degree murder, and following a sentencing hearing, the trial court found the Defendant committed an "especially aggravated offense" and sentenced the Defendant to a Range II sentence of seventy years.  This court affirmed his judgment of conviction on direct

appeal.  State v. Michael Lindsey, No. 35, 1990 WL 14557, at *3 (Tenn. Crim. App. Feb. 21, 1990), no perm. app. filed.  The Defendant filed petitions for post-conviction relief in 1993 and 2003, both of which were denied.  Michael Lindsey v. State, No. W2004-01169-CCA-R3-PC, 2005 WL 957340, at *1 (Tenn. Crim. App. Apr. 25, 2005), no perm. app. filed.  In 2004, the Defendant filed a pro se petition for DNA testing under the Post-Conviction DNA Analysis Act of 2001.  Id.  The post-conviction court denied relief, and this court affirmed the denial on appeal.  Id. at *1, *2.  In 2005, the Defendant filed a petition for writ of error coram nobis "and/or" post-conviction relief, alleging that this sentence was "illegal, void, or voidable" because he was sentenced under the 1982 Sentencing Act rather than the 1989 Sentencing Act.  Michael Lindsey v. State, No. W2006-02518-CCA-R3-PC, 2007 WL 2713375, at *1 (Tenn. Crim. App. Sept. 18, 2007), perm. app. denied (Tenn. Feb. 4, 2008).  In the appeal from that proceeding, this court held that, because the Defendant was sentenced before November 1, 1989, he was not entitled to sentencing under the 1989 Sentencing Act.  Id. at *2.

On September 3, 2014, the Defendant filed a pro se Motion to Correct an Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court summarily dismissed the motion for failing to state a colorable claim.  This timely appeal followed.

## Analysis

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in pertinent part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.  For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party.  If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.  The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

Either party may appeal the trial court's decision pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Tenn. R. Crim. P. 36.1(d).

The term "colorable claim" is not defined in Rule 36.1. This court has adopted the definition of colorable claim from post-conviction cases: "A colorable claim is a claim . . . that, if taken as true, in light most favorable to [the Defendant], would entitle [the Defendant] to relief[.]" State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014). Whether a sentence is illegal under Rule 36.1 is a question of law which we review de novo with no presumption of correctness. State v. Antonio Williams, No. W2014-02108-CCA-R3-CD, 2015 WL 3407472, at *2 (Tenn. Crim. App. May 28, 2015).

On appeal, the Defendant argues that the classification of his conviction for second degree murder as an "especially aggravated offense" directly contravenes Tennessee Code Annotated section 40-35-107(7)(A) (Supp. 1988). Specifically, the Defendant avers that his conviction cannot be classified as an "especially aggravated offense" because an element of the offense, death, is also included in the definition of "especially aggravated offense." Consequently, the Defendant contends that his Range II sentence is illegal and he is entitled to relief under Rule 36.1.

As relevant to the Defendant's sentence, "especially aggravated offense" is defined as "[a] felony resulting in the death or bodily injury or involving the threat of death or bodily injury to another person where the defendant has previously been convicted of a felony that resulted in death or bodily injury[.]" Tenn. Code Ann. § 40-35-107(1) (Supp. 1988). However, the statute also provides:

> If the provision of either subdivision (1), (2), (3), or (4) of this section are used to show that an offense was committed in an especially aggravated manner but all of the factors of the applicable subdivision or subdivisions are also essential elements of the crime charged in the indictment, the subdivision or subdivisions in which all factors are all essential elements shall not be used to elevate the offense to an especially aggravated offense. Provided, however, nothing in this subdivision shall be construed to prohibit the use of such subdivision or subdivisions to elevate an offense if all the factors within a particular subdivision are not essential elements of the crime charged in the indictment.

Tenn. Code Ann. § 40-35-107(7)(A) (Supp. 1988). If the trial court finds, beyond a reasonable doubt, that a defendant committed an especially aggravated offense, then that defendant shall receive a Range II sentence. Tenn. Code Ann. § 40-35-107(8) (Supp. 1988).

In this case, the Defendant correctly states that death is an essential element of his second degree murder conviction. At the time of the offense, second degree murder was defined as "all other kinds of murder" other than first degree murder. Tenn. Code Ann. § 39-2-211 (Supp. 1985). The Defendant also freely admits that he had previously been convicted of second degree murder at the time he was convicted of the instant offense. However, the factor of the Defendant's prior conviction for a felony resulting in the death or bodily injury of another is not an essential element of the crime of second degree murder. See id.; Tenn. Code Ann. § 40-35-107(1) (Supp. 1988). Therefore, all of the factors in the subdivision used to elevate the Defendant's offense were not essential elements of the crime charged in the Defendant's indictment. See Tenn. Code Ann. § 40-35-107(7)(A) (Supp. 1988). Therefore, the Defendant's sentence did not directly contravene Tennessee Code Annotated section 40-35-107(7)(A), and the Defendant failed to present a colorable claim that his sentence was illegal.

## Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -